United States District Court
Southern District of Texas
**ENTERED**
April 23, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ANDREW CHRISTOPHER BURKE, §
a/k/a ANDREW BURKE, §
TDCJ–CID # 02465084, §
§
*Plaintiff,* §
§
v. § CIVIL ACTION NO. H-23-2920
§
DURELLE CARDIFF, *et al.*, §
§
*Defendants.* §

## MEMORANDUM OPINION AND ORDER

Plaintiff, a Fort Bend County pretrial detainee at the time of filing,[1] filed a *pro se* amended complaint under 42 U.S.C. § 1983 against Fort Bend County jail medical employees Durelle Cardiff, R.N., and Joann Mundin, M.D.  He seeks monetary compensation for the alleged violation of his constitutional rights at the Fort Bend County Jail.

Having screened the amended complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court **DISMISSES** this lawsuit for the reasons shown below.

### I.  BACKGROUND AND CLAIMS

The Court dismissed plaintiff's original handwritten complaint in this case on August 11, 2023, pursuant to the three strikes provision of 28 U.S.C. § 1915(g).  (Docket Entry No. 3.)  Plaintiff subsequently paid the filing fee, and the Court ordered plaintiff to file an

---

[1]Plaintiff was subsequently convicted of solicitation to commit capital murder in Fort Bend County, Texas, on September 20, 2023, and sentenced to life incarceration in the Texas Department of Criminal Justice.

amended complaint on the standardized section 1983 complaint form for *pro se* litigants. Plaintiff filed a compliant amended complaint on March 18, 2024.

Plaintiff alleges in his amended complaint that, on August 2, 2023, at the Fort Bend County Jail, defendant physician Mundin authorized defendant registered nurse Cardiff to inject plaintiff with a medication. Plaintiff does not identify the medication, but alleges that he was given the injection despite his protests that he did not want it. (Docket Entry No. 8.) He contends that the forced injection was given without a court order or security need, and violated his constitutional rights. Plaintiff seeks compensatory and punitive damages.

## II. ANALYSIS

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before bringing a civil rights claim based on allegations occurring while imprisoned. The prisoner must strictly comply with administrative deadlines and other procedures with no exceptions. *Ramirez v. Collier*, 595 U.S. 411, 421 (2022). "District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison inmate grievance process before filing their complaint." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). *See also Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010) ("[U]nder our strict approach, we have found that mere 'substantial compliance' with administrative remedy procedures does not satisfy exhaustion; instead, we have required prisoners to exhaust available remedies properly.").

The Fort Bend County Sheriff's Office utilizes a formal grievance procedure for detainees and inmates at the Fort Bend County Jail, as follows:

> Specifically, there is a two-step formal grievance process for inmates who wish to complain about any of the following: (1) a violation of civil rights; (2) a criminal act; (3) an unjust denial or restriction of inmate privileges; (4) a prohibited act by facility staff. If informal attempts to resolve an inmate's grievance are unsuccessful, inmates are directed to submit a formal written statement to the Grievance Board using a Grievance Form that is available from any officer. A formal grievance may also be submitted on "standard writing paper" and sent to the "Grievance Officer." If an inmate is unsatisfied with the response, he may submit a written report to the Sheriff requesting an appeal of the decision. The Sheriff will review the findings, actions, and conclusions of the Grievance Board and the Grievance Reviewing Officer and will notify the inmate, in writing, of his decision concerning the appeal within fifteen working days. The Sheriff's decision on appeal is "final."

*Long v. Boehnemann*, 2006 WL 2935200, *4 (S.D. Tex. Oct. 12, 2006) (record citations omitted). Plaintiff is well aware of the grievance procedures and requirements. *See, e.g.,* *Burke v. Tex. Commission on Jail Standards*, 2023 WL 5985239, *1 (S.D. Tex. Sept. 14, 2023) (noting Burke's claim that a Fort Bend County Jail officer was "sabotaging Burke's grievances").

Plaintiff in this case checked a box on his amended civil complaint form indicating that he had exhausted his administrative remedies prior to filing this lawsuit. However, he signed his original complaint on August 4, 2023, two days after the alleged incident. The Court deems the date plaintiff signed his complaint as the date he filed this lawsuit. The complaint was received by the Court on August 9, 2023, and docketed that same date. The Court takes judicial notice of the fact that it takes longer than two days for prisoners to fully

exhaust their administrative remedies through the Fort Bend County Jail two-step grievance process. Although exhaustion is generally an affirmative defense, *see Jones v. Bock*, 549 U.S.199, 216 (2007), a district court may *sua sponte* dismiss a complaint as unexhausted when lack of exhaustion is readily apparent from the face of the complaint itself. *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007); *Conklin v. Randolph*, 553 F. App'x 457, 458 (5th Cir. 2014).

It is apparent from the face of plaintiff's complaint itself – via the date of the alleged incident and the date that he signed his complaint – that he did not exhaust his available administrative remedies prior to filing this lawsuit on August 4, 2023. Consequently, this lawsuit must be dismissed.[2]

The Court further notes that, because the incident made the basis of plaintiff's claims in this lawsuit took place on August 2, 2023, the time for filing grievances and exhausting his claims pursuant to the Fort Bend County Jail administrative remedies process has long expired. Moreover, plaintiff is no longer in custody of the Fort Bend County Sheriff's Office. Consequently, plaintiff's claims will be dismissed with prejudice. *See Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) (holding that dismissal with prejudice warranted when administrative relief is time barred or otherwise precluded).

---

[2]Plaintiff alleges at the end of his amended complaint that he exhausted his administrative remedies from August 3, 2023, through August 10, 2023. (Docket Entry No. 8, p. 5.) Even if the Court were to rely on this allegation, it would only lend support to the fact that plaintiff did not exhaust his administrative remedies prior to filing this lawsuit on August 4, 2023.

## III.   CONCLUSION

For the reasons stated above, this lawsuit is **DISMISSED WITH PREJUDICE** for failure to state a viable claim for relief predicated on failure to exhaust.  Any and all pending motions are **DENIED AS MOOT**.  This dismissal constitutes a strike for purposes of section 1915(g).

Signed at Houston, Texas, on this the 22nd day of April, 2024.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE